■ CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant, v STONE & WEBSTER ENGINEERING CORPORATION, Respondent, et al., Defendants. (And Third-Party Action.)—Order entered December 10, 1974 and judgment entered thereon January 28, 1975, Supreme Court, New York County, unanimously reversed insofar as appealed from, on the law, the provision for severance and trial of the counterclaim stricken and the counterclaim dismissed, with $60 costs and disbursements to appellant, to the extent it demands counsel fees, and the judgment amended to sever the action as to third-party defendant United States Fidelity & Guaranty Co., and otherwise affirmed, without further costs. The action is by subrogated insurers, in the names of their assureds, for property damage and business interruption loss. It arose out· of the explosion of a steam boiler being installed in plaintiff-appellant's plant at Roseton. Pursuant to contract, Stone & Webster Engineering Corp. (S&W), the designer of the unit of which the boiler was a part,

was responsible for its installation. Plaintiff, also defendant in a personal injury action deriving from the explosion, sued S&W and others involved in the installation for injury to the property, as well as loss flowing from business interruption. The personal injury action resulted in judgment against plaintiff here, defendant there, and S&W, in proportions of 80% against plaintiff and the balance against S&W. All defendants in the instant main action forthwith amended their answers to assert as defenses collateral estoppel and *res judicata,* and S&W moved thereon for summary judgment dismissing the complaint. The motion was granted.* The counterclaim which was severed and remanded to ascertain quantum of the counsel fee, asserted by S&W against plaintiff, is based on the contract, seeking reimbursement "if plaintiff secures judgment against [S&W]". No such judgment was secured, and no basis remains for the counterclaim. That exculpatory disposition vitiates as well an allowance for counsel fees expended in the counterclaim's prosecution. Further, examination of the contract between the parties finds, despite Special Term's contrary holding, no provision whatever for counsel fees. As observed by Special Term, there is no statutory basis for the award. Thus the direction for severance of the claim against S&W for counsel fee and remand for ascertainment of its amount must also fall. Apparently by inadvertence, an imperfect disposition was stated in the judgment as to the undisposed of third-party claim by S&W against its insurer, United States Fidelity & Guaranty Co., for failure to defend the lawsuit against it. The order for summary judgment recites a severance of this third-party claim; the judgment does not decree it. United States Fidelity and Guaranty Co. has not appealed and the amount of the award of judgment against it for counsel fee is still to be established at trial. We correct the inadvertent error by adding to the judgment an omitted decretal provision, referred to in the preamble, directing severance. Concur —Markewich, J. P., Kupferman, Murphy, Nunez and Yesowich, JJ.

---

* While the notice of appeal from the instant judgment is all-inclusive, that from the underlying order for summary judgment is addressed only to the propriety of the award of counsel fee and severance for trial ·as to its quantum. Nothing else is pursued in the briefs on appeal. We observe at this point that no request for counsel fee was in the original motion papers but appears first in papers on the motion for reargument, which was denied and is not appealable, with reference thereto improperly made on this appeal.